## NATIONAL TUBE CO v TAX COMM et

Ohio Common Pleas, Lorain Co

Decided March 17, 1937

### OPINION

By FINDLEY, J.

This is an appeal from the appellees' final order of March 30, 1936, which taxed certain rolls, guide shoes, piercing points, plugs and welding balls, owned by the National Tube Company and used by it in forming steel products.

1. Rolls are cylinders used in pairs, with grooves thereon forming a pass that shapes the output.

2. Guide shoes are metal blocks, one set above and one below the opening between the piercing rolls.

3. Piercing points are bullet-shaped metal pieces that form holes in billets.

4. Tube is shaped by placing a ball or plug in the pass.

The policy of keeping ready to produce whenever the trade demands requires the appelant to keep on hand an enormous stock of the items just defined, but it uses few of them at any one time. The evidence thereon is tabulated as follows:

| Item | Stock Carried | In Use At One Time |
|---|---|---|
| Guide Shoes | 2,200 approx. | 10 |
| Piercing Points | 25,000 to 35,000 | 5 |
| Plugs | 40,000 to 45,000 | 6 |
| Balls | 15,000 to 22,000 | 5 |
| Pipe Rolls | 900 to 1,000 | 25 |
| Rail Mill Rolls | 850 to 900 | 6 |

The Legislature recognized that manufacturers must keep these items in large amounts but could use only a few at one

time. §5325, GC, directs that "patterns, jigs, dies, and drawings" shall not be taxed.

In this court the parties agreed upon the values of the property involved. One question is presented: Were these items "dies?"

The word "die" has a comprehens've rather than an exact meaning. It includes things of dissimilar characteristics. The term is a generic one. The Ohio statute contains no words of limitation but uses "dies" in a generic sense. Diligent counsel have assembled from standard works several pages of definitions of the word "die." None is more apt than the statement of a witness to the effect that a "die" is anything that will impart a desired shape to material.

The Court of Appeals of the 9th Judicial District of Ohio in **Mong v Goodrich, 19 Abs page 198,** held that tire molds were "dies." It adopted from Rubber Coated Harness Trimming Company v Welling, 97 U. S. page 7, the following definition:

"A 'die' is a piece of metal on which is cut a device which by pressure is to be placed upon some softer body."

During the trial in this court hand and power driven equipment were placed in the court room and used in demonstrations that are reflected by the exhibits and by the transcript of the testimony. Demonstrations proved that a pair of straight "dies" when taken from a flat press and mounted on rolls, produced through pressure the same product. The ingenuity of man thus multiplies the rapidity with which the "die" is used, but it remains a "die".

The evidence indicating that the appellant's rolls, guide shoes, piercing points, plugs and welding balls, by their pressure, aid in shaping the material produced, the court finds that they in fact are "dies."

The statute directs that "dies" be not taxed. Accordingly the conclusion is reached that the former order of the Tax Commission of Ohio was erroneous and that the appellant is entitled to a decree. Exceptions noted.